UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT D. MURWIN,           )<br>                                            )<br>       *Plaintiff*                    )<br>                                            )<br>v.                                         )<br>                                            )<br>MICHAEL J. ASTRUE,         )<br>**Commissioner of Social Security,**  )<br>                                            )<br>       *Defendant*                  ) | No. 1:11-cv-376-DBH |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the residual functional capacity ("RFC") assigned to him by the administrative law judge is not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from bilateral carpal tunnel syndrome (status post surgery), left knee degenerative joint disease, depression, anxiety, and polysubstance abuse in partial remission, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"),

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 20, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Findings 3-4, Record at 14-15; that he had the RFC to perform light work, except that he was limited to simple unskilled work, with only occasional balancing, must avoid constant bilateral handling, frequent overhead work, and even moderate exposure to vibrations, and was able to maintain attention and concentration for two-hour increments throughout an eight-hour day, Finding 5, *id*. at 16; that he was unable to perform any past relevant work, Finding 6, *id*. at 22; that, given his age (48 on the alleged date of onset of disability, May 11, 2009, a younger individual), at least high school education, work experience, and RFC, using the Medical-Vocational Rules of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*. at 22-23; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date of the decision, May 19, 2011, Finding 11, *id*. at 24. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

2

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the administrative law judge wrongly relied on the opinion of Richard Chamberlin, M.D., a state-agency reviewer, to support his conclusions because Dr. Chamberlin "did not address the impact of the Plaintiff's lower extremity peripheral neuropathy[,]" and he "did not have the benefit of the Plaintiff's left knee MRI performed on July 14, 2010, which demonstrated the presence of a large popliteal cyst, joint effusion, medial meniscus tear, and probable non-displaced fracture; the left knee x-ray performed on August 4, 2010, which evidenced degenerative disease in the medial compartment of the left knee; the left knee x-ray performed on April 4, 2011, which identified a worsening of the knee joint degenerative changes; nor . . . the evaluations of the surgeon, Hannah M. Castrucci, M.D." Statement of Specific Errors ("Itemized Statement") (ECF No. 12) at 4-5 (citations omitted).

The administrative law judge discussed Dr. Chamberlin's assessment as follows:

> Richard Chamberlin, M.D. completed a physical residual functional capacity assessment for the state agency on March 26, 2010. Dr. Chamberlin opined that the claimant was able to frequently lift 10 pounds and could occasionally lift 20 pounds; could sit, and stand and/or walk for 6 hours each in the course of an 8-hour workday, could never climb ladders, ropes or scaffolds, and could only occasionally balance; must avoid frequent overhead work bilaterally, must avoid constant

3

> handling, and should avoid even moderate exposure to vibrating hand held tools.
>
> . . .
>
> In the absence of any statement of limitations by a treating source, the opinions of Leigh Haskell, Ph.D., David Margolis, Ph.D. and Richard Chamberlin, M.D. for the state agency are given controlling weight. . . . Dr. Chamberlin found the claimant able to frequently lift 10 pounds and occasionally lift 20 pounds; able to sit, and stand and/or walk for 6 hours each in the course of an 8-hour workday; able to occasionally balance; and must avoid frequent overhead work bilaterally, constant handling, and even moderate exposure to vibrating hand held tools.  These opinions are consistent with the medical evidence of record.

Record at 19-22 (citations omitted).

The plaintiff argues that "consideration of the impact of the Plaintiff's lower extremity impairments is vital to the determination of his capacity to stand and walk, and therefore vital to the determination of his residual work capacity." Itemized Statement at 5-6,  He asks the court to order the commissioner to "[o]btain evidence from a medical expert as to the impact of the Plaintiff's impairments on his residual functional capacity[.]" *Id*. at 6.

This court has repeatedly said that whether to call a medical expert to testify is within the discretion of the administrative law judge. *See, e.g., Du Nguyen v. Astrue*, No. 2:11-cv-189-NT, 2012 WL 975674, at *4 (D. Me. Mar. 21, 2012). Accordingly, the plaintiff's requested relief, at least in this respect, is unavailable.

Also missing from the plaintiff's presentation is any mention of medical evidence of the effect that the conditions identified in the tests and evaluation that occurred after Dr. Chamberlin wrote his evaluation would have on the plaintiff's ability to perform work-related functions.[2] His presentation essentially asks the court to do what an administrative law judge may not do:

---

[2] When asked at oral argument for such evidence, the plaintiff's attorney offered only that Dr. Castrucci "prescribed a cane" for the plaintiff. He did not cite to evidence of that prescription in the record, and I see in Dr. Castrucci's records only the observation that "[h]e uses a cane if necessary." Record at 698. In any event, the use of a cane cannot serve in place of a medical professional's conclusions concerning the effect of an impairment on the patient's ability to perform specific work-related activities.

4

draw conclusions from raw medical evidence. He correctly points out that "a finding of anything less than light work in this case would result in a determination of disability" under section 201.14 of the Grid, Itemized Statement at 5, but does not suggest how the MRI and x-ray findings, along with Dr. Castrucci's "evaluation," require a conclusion that he would only be capable of sedentary work.[3]  I note as well that the plaintiff refused the injection therapy and brace that Dr. Castrucci offered as alternative treatments for his left knee pain.[4]  Record at 698.

It is true, as the plaintiff points out, Itemized Statement at 5, that this court has stated that:

> [A]s a general rule, a DDS non-examining expert's report cannot stand as substantial evidence in support of an administrative law judge's decision when material new evidence has been submitted subsequent to its issuance, calling the expert's conclusions into question[.]

*Eaton v. Astrue*, Civil No. 07-188-B-W, 2008 WL 4849327, at *5 (D. Me. Nov. 6, 2008) (citations omitted).  The problem for the plaintiff here is the last phrase of this statement of the applicable case law: the plaintiff here asks this court to assume that Dr. Chamberlin's conclusions have been called into question, merely because there is subsequent medical evidence that Dr. Chamberlin did not see.  Such an assumption reads the phrase out of the legal standard.

This case presents a close question.  It is, of course, the commissioner's burden at Step 5 of the sequential evaluation process to establish that there are jobs existing in significant numbers in the national economy that the claimant can perform, and the claimant should not be required to bring a medical expert with him to testify at the administrative hearing, but, under the

---

[3] According to the plaintiff, Dr. Castrucci "suggested conservative management of pain" with surgery only if he continued to have "mechanical symptoms" after all other measures had been tried.  Itemized Statement at 3.

[4] At oral argument, the plaintiff's attorney contended that his client's refusal to use the brace offered by his treating physician, or to undergo injection therapy, "has no bearing" on this appeal because Dr. Castrucci also recommended physical therapy and did not say that she was disappointed in his "choice of treatment."  I do not see any recommendation of physical therapy in Dr. Castrucci's records, although she did note on October 4, 2010 that "[h]e would not like to do formal physical therapy today."  Record at 700.  Social Security regulations provide that benefits will not be awarded to a claimant who fails to follow a prescribed treatment if that treatment can restore the claimant's ability to work.  20 C.F.R. §§ 404.1530(a), 416.930(a).  Refusal of treatment can often have a bearing on an appeal from the denial of Social Security benefits.

circumstances of this case, a letter from the plaintiff's attorney to Dr. Castrucci asking for the necessary medical opinion linking the post-Chamberlin-report test results to specific limitations in the plaintiff's physical abilities would most likely have generated the missing evidence.  The plaintiff's attorney at the hearing did bring the plaintiff's claim with respect to his left knee to the administrative law judge's attention, but only in the most conclusory fashion.  Record at 25, 47-48.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge